United States District Court
Southern District of Texas
**ENTERED**
February 10, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| MATTHEW ALLEN, *et al.*, § § Plaintiffs. § § v. § § FREEDOM FOREVER TEXAS LLC, *et al.*, § § Defendants. § | CIVIL ACTION NO. 3:25-cv-00164 |

## **MEMORANDUM AND RECOMMENDATION**

Pending before me is Defendant Vivint, LLC's motion to dismiss Plaintiffs' First Amended Complaint. *See* Dkt. 24. Having reviewed the briefing, the record, and the applicable law, I recommend that the motion be granted in part and denied in part.

### BACKGROUND

Plaintiffs are Matthew and Rachel Allen. Defendants Freedom Forever Texas, LLC and Vivint sell solar panel systems door to door to homeowners in Texas. Defendant Solar Mosaic, LLC is a third-party financing company that provides financing options to customers purchasing solar panel systems from Vivint and Freedom Forever.

According to the First Amended Complaint, Plaintiffs purchased a solar panel system for their home. Plaintiffs allege that a Vivint salesperson, Devon Tyerman, represented to Plaintiffs that purchasing the solar panel system would entitle them to a tax credit, generate excess energy that could be sold back to power companies, and result in lower electricity bills. Tyerman also allegedly told Plaintiffs that they would not need a backup battery during power outages. Plaintiffs claim that all these representations were false.

On April 29, 2025, Plaintiffs instituted this lawsuit in the 122nd Judicial District of Galveston County, Texas, asserting various claims related to the

purchase and installation of the solar panel system. The case was timely removed to federal court. Plaintiffs added Vivint to this lawsuit in the First Amended Complaint, which was filed on September 22, 2025. In the First Amended Complaint, Plaintiffs bring six causes of action against Vivint: (1) breach of contract; (2) promissory estoppel; (3) Texas Deceptive Trade Practices Act ("DTPA") violations; (4) fraud; (5) negligent misrepresentation; and (6) fraudulent lien.

Vivint moves to dismiss all of Plaintiffs' claims, asserting that Plaintiffs fail to state a claim that would entitle them to relief.

## LEGAL STANDARD

A defendant may move to dismiss a complaint when a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). Conversely, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Twombly*, 550 U.S. at 558 (cleaned up).

When evaluating a Rule 12(b)(6) motion, I accept "all well-pleaded facts as true and view[] those facts in the light most favorable to the plaintiff." *Cummings v. Premier Rehab Keller, P.L.L.C.*, 948 F.3d 673, 675 (5th Cir. 2020) (quotation omitted). I "do not, however, accept as true legal conclusions, conclusory statements, or naked assertions devoid of further factual enhancement." *Benfield*

*v. Magee*, 945 F.3d 333, 336–37 (5th Cir. 2019) (cleaned up). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

## ANALYSIS

### A.    BREACH OF CONTRACT AND FRAUDULENT LIEN CLAIMS

Plaintiffs agree to withdraw their breach of contract and fraudulent lien claims against Vivint. *See* Dkt. 25 at 2–3. Accordingly, I recommend that Vivint's motion to dismiss Plaintiffs' breach of contract and fraudulent lien claims be granted.

### B.    PROMISSORY ESTOPPEL CLAIM

"Under Texas law, '[t]he requisites of promissory estoppel are: (1) a promise, (2) foreseeability of reliance thereon by the promisor, and (3) substantial reliance by the promisee to his detriment.'" *MetroplexCore, L.L.C. v. Parsons Transp., Inc.*, 743 F.3d 964, 977 (5th Cir. 2014) (quoting *English v. Fischer*, 660 S.W.2d 521, 524 (Tex. 1983)).

Vivint argues that Plaintiffs' promissory estoppel claim should be dismissed because "Plaintiffs have not specified any promise that Vivint has made to Plaintiffs." Dkt. 24 at 8. Vivint is mistaken.

Plaintiffs allege in the operative complaint that Vivint's agent, Tyerman, told Plaintiffs: (1) they "would not need a backup battery . . . during an outage"; (2) they "would receive a tax credit which would allow them to continue to pay lower monthly payments"; and (3) that "electricity rates . . . would be lower than their then current electricity rates." Dkt. 18 at 3–4. These are all specific promises allegedly made by Vivint's agent to Plaintiffs.

Vivint insists for the first time in its reply brief that Plaintiffs' alleged representations "were expressly and unambiguously disclaimed in the Freedom Forever Contract, which Tyerman signed and gave to Plaintiffs at the time of execution." Dkt. 26 at 9. But the Freedom Forever Contract is not before me. Vivint claims that the Freedom Forever Contract is attached to its reply brief. *See* Dkt. 26

at 8 n.1. It is not attached. Vivint may later attach the Freedom Forever Contract to a motion for summary judgment, and I will consider Vivint's argument at that time. At present, however, I must recommend that Vivint's motion to dismiss Plaintiffs' promissory estoppel claim be denied.

### C. DTPA AND NEGLIGENT MISREPRESENTATION CLAIMS

Vivint next argues that the DTPA and negligent misrepresentation claims should be dismissed because they are barred by the applicable statute of limitations. *See* Dkt. 24 at 11.

Plaintiffs' DTPA claims are subject to a two-year limitations period that commences at the time the misrepresentation is made or after the plaintiff "discovered or in the exercise of reasonable diligence should have discovered the occurrence of the [unlawful act]." Tex. Bus. & Com. Code § 17.565. Negligent misrepresentation claims are also subject to a two-year statute of limitations. *See* Tex. Civ. Prac. & Rem. Code § 16.003(a); *Smith Int'l, Inc. v. Egle Grp., LLC*, 490 F.3d 380, 386 (5th Cir. 2007). The limitations period for negligent misrepresentation claims begins to run "when facts come into existence that authorize a claimant to seek a judicial remedy." *Exxon Corp. v. Emerald Oil & Gas Co.*, 348 S.W.3d 194, 202 (Tex. 2011).

The standard for dismissing claims at the motion to dismiss stage on the basis of the statute of limitations is high. *See Vela v. Compton*, No. 24-40302, 2024 WL 4891786, at *2 (5th Cir. Nov. 26, 2024) ("Rule 12(b)(6) dismissal under a statute of limitations is proper only when the complaint makes plain that the claim is time barred and raises no basis for tolling."). In this case, the face of the First Amended Complaint does not conclusively establish that the statute of limitations has run. Indeed, the 11-page First Amended Complaint does not contain a single date from which I could determine if the statute of limitations has expired.

Vivint attaches to its motion to dismiss a loan agreement, which reflects a May 4, 2023 date. Vivint argues that "[i]f the allegations made by Plaintiffs in their complaint are taken to be true, then it is beyond dispute that these representations

were made prior to or on May 4, 2023." Dkt. 24 at 13. Because Plaintiffs did not add Vivint to the case until they filed their First Amended Complaint on September 22, 2025, Vivint avers that Plaintiffs' DTPA and negligent misrepresentation claims are time-barred. The problem with Vivint's argument is that even if the alleged misrepresentations were made before May 4, 2023, the statute of limitations did not begin to run until the date Plaintiffs should have discovered the falsity of Vivint's alleged misrepresentations. A review of the First Amended Complaint sheds no light whatsoever as to when Plaintiffs should have discovered the falsity of the statements at issue. Viewed in the light most favorable to Plaintiffs, I cannot say that Plaintiffs' DTPA and negligent misrepresentation claims are unquestionably time-barred. The better course of action is to revisit Vivint's statute of limitations argument at the summary judgment stage. Accordingly, I recommend that Vivint's motion to dismiss Plaintiffs' DTPA and negligent misrepresentation claims be denied.

### D.   FRAUD CLAIM

Finally, Vivint argues that Plaintiffs fail to allege fraud with particularity, as required by Rule 9(b), and that "Vivint simply does not have adequate notice of the nature and grounds of Plaintiffs' fraud . . . claim." *Id.* at 11.

Fraud allegations bear a heightened pleading standard: a party must state with particularity the circumstances constituting fraud. *See* Fed. R. Civ. P. 9(b). This means that the party alleging fraud must "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 177 (5th Cir. 1997). In short, Rule 9(b) requires that a complaint detail "the who, what, when, and where before access to the discovery process is granted." *Hart v. Bayer Corp.*, 199 F.3d 239, 247 n.6 (5th Cir. 2000) (cleaned up). The Fifth Circuit has mandated that Rule 9(b)'s heightened-pleading standard be applied with "bite" and "without apology." *Williams*, 112 F.3d at 178.

After reviewing the First Amended Complaint, I conclude that Plaintiffs have sufficiently identified the "who" and the "what." By that, I mean that the operative complaint outlines a number of representations made by Tyerman that were allegedly false. What the First Amended Complaint does not include is the "when" and the "where." As Vivint correctly observes: "Plaintiffs failed to allege when Tyerman made these representations and where these representations occurred." Dkt. 24 at 10.

This is not a particularly difficult task. For fraud claims to pass muster at the pleading stage, Plaintiffs must simply specify where the misrepresentations were made (that is, by phone, email, in person, etc.) and when the misrepresentations were made (that is, the approximate date of the alleged misrepresentations). I will give Plaintiffs one more chance to properly allege the "where" and "when" to support a fraud claim under Rule 9(b). Plaintiffs are given leave to file a Second Amended Complaint by February 20, 2026. In the meantime, I recommend that Vivint's motion to dismiss Plaintiffs' fraud claim set forth in the First Amended Complaint be granted.

## CONCLUSION

For the reasons discussed above, I recommend that Vivint's motion to dismiss Plaintiffs' claims for breach of contract, fraudulent lien, and fraud be granted. I recommend Vivint's motion to dismiss be denied in all other respects.

The parties have 14 days from service of this Memorandum and Recommendation to file written objections. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.

SIGNED this 10th day of February 2026.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE